898 F.2d 148
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Terry JORDAN, Defendant-Appellant.
 No. 89-5196.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 28, 1989.
Decided: March 7, 1990.
Rehearing Denied April 3, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Solomon Blatt, Jr., District Court Judge. (CR-89-22-3)
 John H. Hare, Assistant Federal Public Defender, for appellant.
 E. Bart Daniel, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, for appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lawrence Terry Jordan appeals from his conviction and sentencing on two separate counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a), claiming that the district court erred in refusing to sever the two counts of his indictment. The granting of severances under Federal Rule of Criminal Procedure 14 is committed to the discretion of the trial courts, whose decisions on such matters will not be disturbed absent a clear abuse of that discretion. United States v. Foutz, 540 F.2d 733, 736 (4th Cir.1976). In this case, the trial court did not abuse its discretion in allowing the joinder of the separately indicted offenses because the two bank robberies were "of the same or similar character" and constituted "parts of a common scheme or plan." Fed.R.Crim.P. 8(a); Foutz, 540 F.2d at 736-37.
 
 
 2
 The two bank robberies were similar to each other and denoted a common plan or scheme in the following ways: (1) the robberies occurred less than two weeks apart; (2) the two banks were located close to one another and to Jordan's workplace; (3) both robberies occurred between twelve noon and one o'clock in the afternoon, the only time when Jordan was unsupervised; (4) both robberies were perpetrated by a single male having distinctive body and facial characteristics which fitted Jordan's description; and (5) notes demanding money and cooperation were used in both robberies, and the evidence adduced at trial indicated that the two notes were somewhat similar. We also note that Jordan was positively identified by eye witnesses and from bank surveillance photographs as the perpetrator of both bank robberies. Thus, even if Jordan's request for a severance had been denied improperly by the district court under Federal Rules of Criminal Procedure 8(a) and 14, the error would have been harmless under Federal Rule of Criminal Procedure 52(a). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.